UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| IMANOL PINEDA PENALOZA, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:21-00177-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Imanol Pineda Penaloza is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Penaloza filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] That petition is before the Court on initial screening pursuant to 28 U.S.C. § 2241. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Penaloza's petition.

In March 2018, a federal grand jury charged Penaloza with (1) conspiracy to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and (2) possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. *See United States v. Imanol Pineda Penaloza*, No. 5:18-cr-030-DCR-HAI-1, at [R. 1] (E.D. Ky. 2018). A jury then found Penaloza guilty of both crimes, and this Court sentenced him to 340 months. [*See id.* at R. 54, R. 81.] The United States Court of Appeals for the Sixth Circuit affirmed Penaloza's sentence, and the United States Supreme Court denied his petition for a writ of certiorari. [*See id.* at R. 110, R. 114.] Penaloza then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but this Court recently denied that motion. [*See id.* at R. 151, R. 152.]

Penaloza has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. Penaloza claims that he is "challenging the jury instructions of his criminal trial and sentencing transcripts." [*See id.* at 1]. At bottom, Penaloza suggests that his convictions should be set aside. [*See id.*].

Penaloza's petition, however, constitutes an impermissible collateral attack on his convictions. Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so through a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, as a general matter, Penaloza cannot use a § 2241 petition as a way of challenging his convictions.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Penaloza has not met these requirements. Indeed, he has not clearly identified a new, retroactive interpretation of statutory law that applies to the merits of his case and makes it more likely than not that no reasonable juror would have convicted him. Plus, even if Penaloza had

2

identified such legal authority, he could have certainly incorporated it into his § 2255 motion, which this Court denied only very recently. In fact, Penaloza could presumably still raise his argument in an appeal of the denial of his § 2255 motion, further undermining the need for his present petition.

In sum, Penaloza's petition constitutes an impermissible collateral attack on his underlying convictions. Thus, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Accordingly, it is hereby **ORDERED** as follows:

1. Penaloza's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 26th day of October, 2021.

Gregory F. Van Tatenhove
United States District Judge